1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  ANDREW M. SCOBLE (CABN 124940)
   RAVI T. NARAYAN (IABN AT0011948)
5  Assistant United States Attorneys

6        450 Golden Gate Avenue, Box 36055
         San Francisco, California 94102-3495
7        Telephone: (415) 436-7249/7369
         Fax: (415) 436-7234
8        Email:  andrew.scoble@usdoj.gov
         Email:  ravi.narayan@usdoj.gov
9
   Attorneys for United States of America
10
                    UNITED STATES DISTRICT COURT
11
                  NORTHERN DISTRICT OF CALIFORNIA
12
                     SAN FRANCISCO DIVISION
13

14  UNITED STATES OF AMERICA,              )   **CASE NO.  CR 19-0280 RS**
                                           )
15         Plaintiff,                       )   [PROPOSED] **DETENTION ORDER**
                                           )
16      v.                                  )
                                           )
17  WILFREDO IRAHETA LANDAVERDE,           )
                                           )
18         Defendant.                       )
                                           )
19  _____

20         On February 18, 2020, defendant Wilfredo Iraheta Landaverde was charged by Superseding

21  Indictment with Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d).  The defendant made his

22  initial appearance on the Superseding Indictment on March 13, 2020.

23         This matter came before the Court on April 20, 2020 for a detention hearing.  The defendant was

24  represented by Naomi Chung.  Assistant United States Attorneys Andrew Scoble and Ravi Narayan

25  represented the government.  All parties, including the defendant, appeared by telephone.  The

26  government moved for detention, and the defendant opposed.

27         At the hearing, counsel submitted proffers and arguments regarding detention.  The

28  government's proffer included both its detention filing (Dkt. 43) and oral proffers.  The government

1    proffered that: (1) the defendant is alleged to be a member of the MS-13 20th Street clique,  a

2    racketeering enterprise, as outlined in pages 22-24 of the government's detention memorandum (Dkt.

3    43); (2) on October 7, 2016, the defendant was encountered in Dolores Park, with ink on his hands, near

4    fresh MS-13 graffiti which made specific reference to the MS-13 20th Street clique; (3) on March 17,

5    2017, defendant was present at a bar in MS-13 gang territory, with multiple other MS-13 20th Street

6    gang members, when two MS-13 gang members perpetrated the murder of a suspected gang rival (for

7    which they were convicted in a state-court prosecution in December 2019); (4) throughout 2017,

8    defendant was among a group of MS-13 gang members who extorted drug dealers in the Tenderloin by

9    demanding that they pay a portion of their drug proceeds to MS-13 as a "tax"; (5) on November 26,

10   2017, defendant is believed to have been present when fellow MS-13 gang member Elmer Rodriguez

11   shot a drug dealer, at close range with a shotgun, for failing to pay the tax (the government stressed that

12   it is seeking corroboration of the identification of defendant as one of the MS-13 members who were

13   present on that night); (6) on June 11, 2019, an MS-13 gang member retrieved a firearm from the

14   defendant's car before shooting at suspected rival gang members in Marchbank Park in Daly City; and

15   (7) communications seized from the cell phones of rival gang members revealed that the defendant was

16   a contemplated member of (a) a plot to commit MS-13 gang violence in Los Angeles and (b) a plan to

17   discipline a fellow MS-13 20th Street member for backing out of the Los Angeles trip.

18          The defendant argued that his involvement in many of the events proffered by the government

19   amounted to association, rather than active participation.  He noted his attendance at church, beginning

20   last year, and the support he has earned from the church, including support for his release on bond.

21   Defendant proposed that he be released on a $25,000 unsecured bond, cosigned by multiple sureties.

22          Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on

23   the record, the Court finds by clear and convincing evidence that no condition or combination of

24   conditions will reasonably assure the safety of any other person or the community.  Accordingly, the

25   defendant must be detained pending trial in this matter.

26          The present order supplements the Court's findings and order at the detention hearing and serves

27   as written findings of fact and a statement of reasons as required by Title 18, United States Code,

28   Section 3142(i)(1).  As noted on the record, the Court makes the following finding as the basis for its

conclusion: the defendant poses a danger to the community which cannot be mitigated by any combination of release conditions.  This finding is made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED:    April 24/2020

HON. THOMAS S. HIXSON
United States Magistrate Judge